IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION ) |
| v. | ) No. 04-2015-KHV ) |
| RED SULLIVAN'S CONDITIONED AIR SERVICE, INC., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on <u>Plaintiff's Motion For Default Judgment On All Remaining Claims</u> (Doc. #8) filed April 15, 2009. Plaintiffs originally brought suit against Red Sullivan's Conditioned Air Service, Inc., alleging violations of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Red Sullivan's alleged violations included failure to make appropriate contributions on behalf of its employees to the plaintiff funds and failure to pay membership dues due and owing to plaintiff union, under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiff's motion is unopposed.

On March 19, 2004, pursuant to Rule 54(b), Fed. R. Civ. P., the Court entered default judgment against Red Sullivan in the amount of $8,728.87. <u>See</u> <u>Default Judgment</u> (Doc. #6) field March 19, 2004. The judgment consisted of $6,205.04 for principal, $744.61 for liquidated damages, $964.22 in interest, $290.00 in costs, and $525.00 for attorney's fees. <u>Id.</u> at 1-2. The Court's order also directed Red Sullivan to submit to an audit in order to determine the precise amount due and owing under its collective bargaining agreement. <u>Id.</u> at 2. The Court further ordered that after completion of the audit, plaintiffs were to "apply to this Court for an award of

damages against the Defendant for all delinquent contributions, as determined by the audit, plus liquidated damages, interest thereon, audit costs, and Plaintiffs' cost in this action, including their reasonable attorney's fees." Id.

## Analysis

Section 502(g)(2)(A) of ERISA requires that the court award all unpaid contributions to any fund when a fiduciary brings an action to recover contributions under Section 1145 of the statute. See 19 U.S.C. § 1132(g)(2)(A).

The Red Sullivan audit was completed on April 1, 2009, and plaintiffs submitted their application for entry of supplemental judgment on all claims left unadjudicated by the Court's judgment of March 19, 2004.  Through affidavit, plaintiffs demonstrate that they are entitled to additional damages for unreported hours of covered work performed by Red Sullivan employees. Specifically, the additional amounts are for the months of October and November 2002 and June 2003 in the amount of $7,702.21 ($4,317.86 in principal, $408.66 in liquidated damages at the rate of 12 per cent, and $2,975.89 in interest at the rate of 12 per cent per annum).  See Affidavit Of Richard L. Carcara Ex. 2 to Plaintiff's Motion For Default Judgment On All Remaining Claims (Doc. #8) filed April 15, 2009.  Plaintiffs further demonstrate through affidavit that they are entitled to reimbursement for the cost of the audit in the amount of $5,039.95 and for additional attorneys' fees in the amount of $2,467.62 Affidavit Of Kyle Whittemore Ex. 1 to Plaintiff's Motion For Default Judgment On All Remaining Claims (Doc. #8) filed April 15, 2009; see also Affidavit Of Scott L. Brown Ex. 3 to Plaintiff's Motion For Default Judgment On All Remaining Claims (Doc. #8) filed April 15, 2009.

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Default Judgment On All

Remaining Claims (Doc. #8) filed April 15, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the clerk is directed to enter an amended judgment against defendant Red Sullivan's Conditioned Air Service, Inc. and in favor of the plaintiffs in the following amounts:

|  |  |
|---|---|
| Contributions: | $ 7,702.21 |
| Costs: | $ 5,039.95 |
| Attorney's fees: | $ 2,467.62 |
| **TOTAL:** | **$ 15,209.78** |

**IT IS SO ORDERED THIS 6TH DAY OF MAY, 2009**.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge